Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
ELLIS, COLEMAN, POIRIER, LAVOIE,
  & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants THE PATRICK M. CORBETT LAW OFFICES, a Company, and
PATRICK CORBETT, an individual, SOUTHERN TIER AGENCY, a Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| Vian Charbonneau,<br><br>　　　Plaintiff,<br><br>v.<br><br>The Patrick M. Corbett Law Offices, a Company, and Patrick Corbett, an individual, and Southern Tier Agency, a Company,<br><br>　　　Defendants. | Case No.:<br>Contra Costa County Case #: C 08-00455<br><br>**CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |

I, Jennifer E. Mueller, certify and declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 555 University Avenue, Suite 200 East, which is located in the city and county of Sacramento, California.

On April 4, 2008, I deposited into the U.S. mail a copy of the Notice to Adverse Party of Removal to Federal Court, a copy of which is attached to this Certificate as **Exhibit 1**, to Plaintiff VIAN CHARBONNEAU, through her attorney, Josuah B. Swigart.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: April 4, 2008

By _____
　　　Jennifer E. Mueller

- 1 -

# CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On April 4, 2008, I served the following document(s) on the parties in the within action:

CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

|   | |
|---|---|
|   | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
|   | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|   | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|   | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Joshua B. Swigart<br>Hyde & Swigart<br>411 Camino Del Rio South<br>Suite 301<br>San Diego, CA 92108 | Attorneys for Plaintiff<br>Vian Charbonneau |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 4, 2008.

By: _____
Jennifer E. Mueller

- 2 -

CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

1 | Mark E. Ellis - 127159
  | Andrew M. Steinheimer - 200524
2 | ELLIS, COLEMAN, POIRIER, LAVOIE,
  |  & STEINHEIMER LLP
3 | 555 University Avenue, Suite 200 East
  | Sacramento, CA  95825
4 | Tel: (916) 283-8820
  | Fax: (916) 283-8821
5 |
6 | Attorneys for Defendants THE PATRICK M. CORBETT LAW OFFICES, a Company, and
  | PATRICK CORBETT, an individual, SOUTHERN TIER AGENCY, a Company
7 |
8 |                 SUPERIOR COURT FOR THE STATE OF CALIFORNIA
9 |                     IN AND FOR CONTRA COSTA COUNTY
10 |

| 11 | Vian Charbonneau, | Contra Costa County Case No.: C 08-00455 |
| 12 | Plaintiff, | NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT |
| 13 | v. | |
| 14 | The Patrick M. Corbett Law Offices, a Company, and Patrick Corbett, an individual, and Southern | |
| 15 | Tier Agency, a Company, | |
| 16 | Defendants. | |

17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

EXHIBIT

-1-

1    To Plaintiff, and the Superior Court of Contra Costa County:

2        PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United

3    States District Court for the Northern District of California on April 4, 2008, federal case number

4    pending.

5        A copy of the said Notice of Removal is attached to this Notice as **Exhibit A**, and is served and

6    filed herewith.

7    Dated: April 4, 2008

8                                        ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                         STEINHEIMER LLP

9

10   By _____
                                         Andrew M. Steinheimer
11                                       Attorney for Defendants
                                         THE PATRICK M. CORBETT LAW OFFICES,
12                                       PATRICK CORBETT, AND SOUTHERN TIER
                                         AGENCY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

# CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On April 4, 2008, I served the following document(s) on the parties in the within action:

## NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

| | | |
|---|---|---|
| | ✓ | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| | X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Joshua B. Swigart<br>Hyde & Swigart<br>411 Camino Del Rio South<br>Suite 301<br>San Diego, CA 92108 | Attorneys for Plaintiff<br>Vian Charbonneau |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 4, 2008.

By _____
Jennifer E. Mueller

1   Mark E. Ellis - 127159
    Andrew M. Steinheimer - 200524
2   ELLIS, COLEMAN, POIRIER, LAVOIE,
      & STEINHEIMER LLP
3   555 University Avenue, Suite 200 East
    Sacramento, CA  95825
4   Tel: (916) 283-8820
    Fax: (916) 283-8821
5
    Attorneys for Defendants THE PATRICK M. CORBETT LAW OFFICES, a company, and PATRICK
6   CORBETT, an individual; and SOUTHERN TIER AGENCY, a company

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO/OAKLAND DIVISION

11

12  Vian Charbonneau,                          Case No.:
                                               Contra Costa County Case No.: C 08-00455
13          Plaintiff,
                                               **NOTICE OF REMOVAL OF ACTION**
14  v.                                         **UNDER 28 USC § 1441(b) (FEDERAL**
                                               **QUESTION)**
15  The Patrick M. Corbett Law Offices, a Company,
    and Patrick Corbett, an individual, and Southern
16  Tier Agency, a Company,

17          Defendants.

18

19          TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20          PLEASE TAKE NOTICE that defendants THE PATRICK M. CORBETT LAW OFFICES,

21  PATRICK CORBETT, and SOUTHERN TIER AGENCY ("Defendants") hereby remove to this Court

22  the state court action described below:

23          1.      On February 25, 2008, an action was commenced in Superior Court, State of California,

24  County of Contra Costa, entitled VIAN CHARBONNEAU, Plaintiff, v. THE PATRICK M.

25  CORBETT LAW OFFICES, et al., as case number C 08-00455.

26          2.      On or about March 6, 2008, Defendants, received the Summons and Complaint attached

27  hereto as **Exhibit A**.

28          3.      This Court has jurisdiction to hear this case because this action is a civil action of which

                                          - 1 -

        NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QU

**EXHIBIT**

**A**

1   this Court has original jurisdiction under **28 U.S.C. § 1331**, and is one which may be removed to this

2   Court by defendant pursuant to the provisions of **28 U.S.C. § 1441(b)** in that it arises under the federal

3   Fair Debt Collection Practices Act (**15 U.S.C. § 1692**, *et seq.*).

4        4.    All defendants join in and consent to this removal.

5   Dated: April 4, 2008

6                    ELLIS, COLEMAN, POIRIER, LAVOIE, &
                   STEINHEIMER LLP

7

8                By                                 
                   Andrew M. Steinheimer

9                    Attorney for Defendants
                   THE PATRICK M. CORBETT LAW OFFICES,
                   PATRICK CORBETT, AND SOUTHERN TIER

10                   AGENCY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
FEB 25 2008

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE PATRICK M. CORBETT LAW OFFICE, A COMPANY, AND
PATRICK CORBETT, AN INDIVIDUAL, AND SOUTHERN TIER
AGENCY, A COMPANY,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VIAN CHARBONNEAU,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: (Número del Caso): |
|---|---|
| *(El nombre y dirección de la corte es):* | C 08 - 00455 |
| California Superior Court County of Contra Costa 2970 Willow Pass Road. Concord, CA 94519 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua B. Swigart    619 233-7770
411 Camino Del Rio South, Suite 301 San Diego, CA 92108

| DATE: (Fecha): | FEB 27 2008 | CLERK OF THE SUPERIOR COURT | Clerk, by (Secretario) | C. Green | , Deputy (Adjunto) |
|---|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Southern Tier Agency, A Company
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☒ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use

EXHIBIT
A

1  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
2  Robert L. Hyde, Esq. (SBN: 227183)
   bob@westcoastlitigation.com
3  HYDE & SWIGART
4  411 Camino Del Rio South, Suite 301
5  San Diego, CA 92108-3551
   Telephone: (619) 233-7770
6  Facsimile: (619) 297-1022

7
   Attorneys for Plaintiff
8  Vian Charbonneau

9

10

11           SUPERIOR COURT OF CALIFORNIA
12             COUNTY OF CONTRA COSTA

13  VIAN CHARBONNEAU,          Case No.: C 08-00455.

14                            
                 Plaintiff,    COMPLAINT FOR DAMAGES
15
16  v.                         JURY TRIAL DEMANDED

17  THE PATRICK M. CORBETT     PER LOCAL RULE 5 THIS
18  LAW OFFICE, A COMPANY,     CASE IS ASSIGNED TO
    AND PATRICK CORBETT, AN    DEPT _____
19  INDIVIDUAL, AND SOUTHERN
20  TIER AGENCY, A COMPANY,

21               Defendant.

22

23                   INTRODUCTION

24  1.  The United States Congress has found abundant evidence of the use of

25      abusive, deceptive, and unfair debt collection practices by many debt

26      collectors, and has determined that abusive debt collection practices contribute

27      to the number of personal bankruptcies, to marital instability, to the loss of

28      jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt

    COMPLAINT FOR DAMAGES          PAGE 1 OF 11

1    Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), to

2    eliminate abusive debt collection practices by debt collectors, to insure that

3    those debt collectors who refrain from using abusive debt collection practices

4    are not competitively disadvantaged, and to promote consistent State action to

5    protect consumers against debt collection abuses.[1]

6    2.  The California legislature has determined that the banking and credit system

7    and grantors of credit to consumers are dependent upon the collection of just

8    and owing debts and that unfair or deceptive collection practices undermine

9    the public confidence that is essential to the continued functioning of the

10    banking and credit system and sound extensions of credit to consumers. The

11    Legislature has further determined that there is a need to ensure that debt

12    collectors exercise this responsibility with fairness, honesty and due regard for

13    the debtor's rights and that debt collectors must be prohibited from engaging

14    in unfair or deceptive acts or practices.[2]

15    3.  VIAN CHARBONNEAU, ("Plaintiff"), by Plaintiff's attorneys, brings this

16    action to challenge the actions of THE PATRICK M. CORBETT LAW

17    OFFICE, a company, (LAW OFFICE) PATRICK CORBETT, an individual,

18    (CORBETT) and SOUTHERN TIER AGENCY, a company, (STA) (jointly,

19    "Defendants") with regard to attempts by Defendants, debt collectors, to

20    unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this

21    conduct caused Plaintiff damages.

22    4.  Unless otherwise indicated, these allegations are made on information and

23    belief. Further, the use of any defendant's name in this Complaint includes all

24    agents, employees, officers, members, directors, heirs, successors, assigns,

25    principals, trustees, sureties, subrogees, representatives and insurers of that

26    defendant named. All allegations are made on information and belief, except

27

28    [1] 15 U.S.C. §§ 1692(a)-(e)
      [2] Cal. Civ. Code §§ 1788.1 (a)-(b)
      COMPLAINT FOR DAMAGES          PAGE 2 OF 11

1   those allegations that pertain to the named Plaintiff(s), or to their attorneys,

2   which are alleged on personal knowledge.

3                   JURISDICTION AND VENUE

4   5.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §

5       1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6   6.   This action arises out of Defendant's violations of the following: the

7       Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-

8       1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§

9       1692 et seq.

10   7.   Because Defendant does business within the State of California, personal

11       jurisdiction is established.

12   8.   Venue is proper pursuant to 28 U.S.C. § 1391.

13                         PARTIES

14   9.   Plaintiff is a natural person who resides in the City of Concord, County of

15       Contra Costa, State of California and is obligated or allegedly obligated to pay

16       a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17   10.   Plaintiff is a natural person from whom a debt collector sought to collect a

18       consumer debt which was due and owing or alleged to be due and owing from

19       Plaintiff, and is a "debtor" as that term is defined by California Civil Code §

20       1788.2(h).

21   11.   Plaintiff is informed and believes, and thereon alleges, that Defendant LAW

22       OFFICE, and Defendant STA are companies operating from the City of

23       Depew, County of Erie, State of New York.

24   12.   Plaintiff is informed and believes, and thereon alleges, that Defendant

25       CORBETT, is an individual operating from the City of Depew, County of

26       Erie, State of New York.

27   13.   Plaintiff is informed and believes, and thereon alleges, that Defendants are

28       person who uses an instrumentality of interstate commerce or the mails in a

1  business the principal purpose of which is the collection of debts, or who

2  regularly collects or attempts to collect, directly or indirectly, debts owed or

3  due or asserted to be owed or due another and is therefore a "debt collector" as

4  that term is defined by 15 U.S.C. § 1692a(6).

5  14. Plaintiff is informed and believes, and thereon alleges, that Defendants LAW

6  OFFICE, and STA, in the ordinary course of business, regularly, on behalf of

7  themselves or others, engage in debt collection as that term is defined by

8  California Civil Code § 1788.2(b), and are therefore "debt collectors" as that

9  term is defined by California Civil Code § 1788.2(c).

10 15. This case involves money, property or their equivalent, due or owing or

11 alleged to be due or owing from a natural person by reason of a consumer

12 credit transaction. As such, this action arises out of a "consumer debt" and

13 "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

14                          FACTUAL ALLEGATIONS

15 16. At all times relevant, Plaintiff was an individual residing within the State of

16 California.

17 17. Plaintiff is informed and believes, and thereon alleges, that at all times

18 relevant Defendants conducted business in the State of California.

19 18. Sometime before August 4, 2007, Plaintiff allegedly incurred financial

20 obligations to Bank of America that were money, property, or their equivalent,

21 which is due or owing, or alleged to be due or owing, from a natural person to

22 another person and were therefore "debt(s)" as that term is defined by

23 California Civil Code §1788.2(d), and a "consumer debt" as that term is

24 defined by California Civil Code §1788.2(f).

25 19. These financial obligations were primarily for personal, family or household

26 purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C.

27 §1692a(5).

28 //

COMPLAINT FOR DAMAGES              PAGE 4 OF 11

20. Sometime thereafter, but before August 4, 2007, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.



21. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before August 4, 2007, the alleged debt was assigned, placed, or otherwise transferred, to STA for collection.

22. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before August 4, 2007, the alleged debt was assigned, placed, or otherwise transferred, to LAW OFFICE and CORBETT for collection.    *called?*

23. On or about August 4, 2007, Defendant LAW OFFICE, apparently at the instruction of Defendant CORBETT contacted Plaintiff by telephone and demanded payment of the alleged debt.

24. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

25. Defendants failed within five days after this initial communication with Plaintiff, to provide written notification containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, and failed within five days after the initial communication with Plaintiff to provide a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and that the debt collector will provide the consumer with the name and address of the original creditor, thereby violating 15 U.S.C. §§

1  1692e, 1692e(10), 1692f, and 1692g. Because of this omission, Defendants

2  STA and LAW OFFICE also violated Cal. Civ. Code § 1788.17.

3  26. Defendants STA and LAW OFFICE, third parties, and debt collectors as

4  defined pursuant to Cal. Civ. Code § 1788.2(c), failed, in the manner

5  prescribed by Cal. Civ. Code § 1812.700(b) or Cal. Civ. Code § 1812.701(b),

6  to provide a notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a).

7  Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by

8  Defendants STA and LAW OFFICE violated the RFDCPA, Cal. Civ. Code

9  1788 et seq.

10  27. During this communication, Defendant LAW OFFICE, which Plaintiff is

11  informed and believes was an agent of Defendant CORBETT, stated that

12  Plaintiff was calling about a matter that was scheduled to have been served a

13  week earlier but that Defendant CORBETT had now placed the case on

14  "hold." This comment implied that that Plaintiff had been sued, when

15  Plaintiff is informed and believes she had not.

16  28. Defendants CORBETT and LAW OFFICE stated that Plaintiff was to call

17  Defendant CORBETT at telephone number 800-795-0831 and went on to

18  falsely state that the matter involved "criminal charges" that were being filed

19  against Plaintiff in Los Angeles County because a "bad check" was written by

20  Plaintiff the authorities were investigating and these authorities intended to

21  "get to the bottom of this voluntarily or involuntarily."

22  29. Plaintiff is informed and believes, and thereon alleges, that in reality there was

23  no "bad check," and criminal charges were not being contemplated in Los

24  Angeles County or anywhere else, and, instead, these threats by CORBETT

25  and LAW OFFICE were being made in an effort to disgrace Plaintiff and

26  coerce payment from Plaintiff in violation of the FDCPA and the RFDCPA.

27  30. The communication made by Defendants CORBETT and LAW OFFICE was

28  a false representation or implication that Plaintiff committed a crime or other

1    conduct in order to disgrace the plaintiff. This conduct violated 15 U.S.C. §

2    1692e(7), Cal. Civ. Code § 1788.10(b) and (c) and Cal. Civ. Code § 1788.17.

3   31. The communication made by Defendants CORBETT and LAW OFFICE was

4     a false, deceptive, or misleading representation or means in connection with

5     the collection of the alleged debt. As such, this action by Defendant violated

6     15 U.S.C. §§ 1692e and 1692e(10), and because this action violated 15 U.S.C.

7     §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

8   32. Defendant STA was also vicariously responsible for these illegal actions by

9     CORBETT and LAW OFFICE.

10   33. Subsequently, Plaintiff was engaged in another conversation with an agent of

11     Defendant CORBETT and LAW OFFICE, Mr. Robert Peters (PETERS).

12     During this conversation PETERS falsely stated to Plaintiff that although the

13     debt he was trying to collect for STA was over ten years old, Plaintiff's mother

14     had recently made a payment on the alleged debt and that this had "reset" the

15     statute of limitations on the debt. PETERS further stated that Defendant

16     CORBETT and LAW OFFICE, at the instruction of STA, were "making one

17     final effort to collect this money before CORBETT initiated a lawsuit against

18     Plaintiff. This action by Defendant violated 15 U.S.C. §§ 1692e and

19     1692e(10), and because this action violated 15 U.S.C. §§ 1692e and

20     1692e(10), it also violated Cal. Civ. Code § 1788.17.

21   34. PETERS went on to falsely state that if Plaintiff did not pay the debt, he

22     would give Plaintiff's name to the Sheriff of the County of Contra Costa who

23     would then run a check on Plaintiff's social security number, discover her

24     place of employment, and show up, in uniform, and serve a summons. This

25     action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because

26     this action violated 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal.

27     Civ. Code § 1788.17. This conduct also violated 15 U.S.C. § 1692e(7) and

28     Cal. Civ. Code § 1788.10(b).

COMPLAINT FOR DAMAGES      PAGE 7 OF 11

35. PETERS then falsely stated that Defendant CORBETT, LAW OFFICE, and STA would win this lawsuit against Plaintiff for $6,000 because the statute of limitations was now valid, and that this action would damage Plaintiff's credit for ten years. This action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

36. PETERS then falsely told Plaintiff that PETERS would put a "hawk alert" on Plaintiff's credit, put a lien on Plaintiff's automobile, and garnish Plaintiff's wages. This action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

37. PETERS then falsely told Plaintiff that since the bankruptcy laws had recently been changed, banks have begun charging people like Plaintiff with "theft of services," and that Plaintiff's failure to pay might be viewed as a felony. This action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17. This conduct also violated 15 U.S.C. § 1692e(7) and Cal. Civ. Code § 1788.10(b).

38. During this entire conversation, PETERS repeatedly represented that these criminal and civil issues were being motivated by pressure from "the bank." This action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

39. Defendant STA is vicariously responsible for the illegal actions by CORBETT and LAW OFFICE, and the action of all of their agents.

40. The actions of all Defendant caused Plaintiff emotional injury due to the fear by Plaintiff that she was about to be arrested, and that law enforcement officials were about to embarrass her at he place of employment.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

43. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

46. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

//

//

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

#### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

#### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

Dated: _____

Respectfully submitted,
HYDE & SWIGART

By: _____
Joshua B. Swigart
Attorney for Plaintiff

//
//
//
//
//
//
//

TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of
    America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: _____                    Respectfully submitted,
                                    HYDE & SWIGART


                                    By: _____
                                        Joshua B. Swigart
                                        Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On April 4, 2008, I served the following document(s) on the parties in the within action:

NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)

| | |
|---|---|
| | **VIA ELECTRONIC SERVICE:** The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| X | **BY MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND:** The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE:** The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE:** The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Joshua B. Swigart<br>Hyde & Swigart<br>411 Camino Del Rio South<br>Suite 301<br>San Diego, CA 92108 | Attorneys for Plaintiff<br>Vian Charbonneau |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 4, 2008.

By _____
Jennifer E. Mueller

- 3 -