Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
ELLIS, COLEMAN, POIRIER, LAVOIE,
  & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants THE PATRICK M. CORBETT LAW OFFICES, PATRICK CORBETT, AND SOUTHERN TIER AGENCY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIAN CHARBONNEAU,<br><br>        Plaintiff,<br><br>v.<br><br>THE PATRICK M. CORBETT LAW OFFICES,<br>a Company, and PATRICK CORBETT, an<br>individual, and SOUTHERN TIER AGENCY, a<br>Company,<br><br>        Defendants. | Case No.:  CV 08-1833 MHP<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants THE PATRICK CORBETT LAW OFFICES, PATRICK CORBETT and SOUTHERN TIER AGENCY hereby respond to plaintiff's Complaint as follows:

1.    As to Paragraph 1, this paragraph does not contain material allegations that require a response, on that basis Defendants deny these allegations.

2.    As to Paragraph 2, this paragraph does not contain material allegations that require a response, on that basis Defendants deny these allegations.

3.    As to Paragraph 3, Defendants deny these allegations.

4.    As to Paragraph 4, this paragraph does not contain material allegations that require a response, on that basis Defendants deny these allegations.

- 1 -

5.    As to Paragraph 5, Defendants do not contest this court's jurisdiction.

6.    As to Paragraph 6, Defendants deny these allegations.

7.    As to Paragraph 7, Defendants do not contest personal jurisdiction at this time.

8.    As to Paragraph 8, Defendants do not contest the venue.

9.    As to Paragraph 9, Defendants lack information or belief necessary to admit or deny these allegations and on that basis deny these allegations.

10.    As to Paragraph 10, Defendants lack information or belief necessary to admit or deny these allegations and on that basis deny these allegations.

11.    As to Paragraph 11, Defendants deny these allegations.

12.    As to Paragraph 12, Defendants deny these allegations.

13.    As to Paragraph 13, Defendants admit these allegations.

14.    As to Paragraph 14, Defendants admit these allegations.

15.    As to Paragraph 15, Defendants lack information or belief necessary to admit or deny these allegations and on that basis deny these allegations.

16.    As to Paragraph 16, Defendants lack information or belief necessary to admit or deny these allegations and on that basis deny these allegations.

17.    As to Paragraph 17, this allegation is vague and ambiguous making it impossible for Defendants to admit or deny this allegation and on that basis Defendants deny this allegation.

18.    As to Paragraph 18, Defendants lack information or belief necessary to admit or deny these allegations and on that basis deny these allegations.

19.    As to Paragraph 19, Defendants lack information or belief necessary to admit or deny these allegations and on that basis deny these allegations.

20.    As to Paragraph 20, Defendants admit this allegation.

21.    As to Paragraph 21, Defendants deny these allegations.

22.    As to Paragraph 22, Defendants deny these allegations.

23.    As to Paragraph 23, Defendants deny these allegations.

24.    As to Paragraph 24, Defendants deny these allegations.

25.    As to Paragraph 25, Defendants deny these allegations.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1    26.    As to Paragraph 26, Defendants deny these allegations.

2    27.    As to Paragraph 27, Defendants deny these allegations.

3    28.    As to Paragraph 28, Defendants deny these allegations.

4    29.    As to Paragraph 29, Defendants deny these allegations.

5    30.    As to Paragraph 30, Defendants deny these allegations.

6    31.    As to Paragraph 31, Defendants deny these allegations.

7    32.    As to Paragraph 32, Defendants deny these allegations.

8    33.    As to Paragraph 33, Defendants deny these allegations.

9    34.    As to Paragraph 34, Defendants deny these allegations.

10    35.    As to Paragraph 35, Defendants deny these allegations.

11    36.    As to Paragraph 36, Defendants deny these allegations.

12    37.    As to Paragraph 37, Defendants deny these allegations.

13    38.    As to Paragraph 38, Defendants deny these allegations.

14    39.    As to Paragraph 39, Defendants deny these allegations.

15    40.    As to Paragraph 40, Defendants deny these allegations.

16    41.    As to Paragraph 41, Defendants deny these allegations.

17    42.    As to Paragraph 42, Defendants deny these allegations.

18    43.    As to Paragraph 43, Defendants deny these allegations.

19    44.    As to Paragraph 44, Defendants deny these allegations.

20    45.    As to Paragraph 45, Defendants deny these allegations.

21    46.    As to Paragraph 46, Defendants deny these allegations.

22    47.    As to Plaintiff's prayer for relief, Defendants deny that Plaintiff has been damaged in

23    any amount and denies that Plaintiff is entitled to the relief requested.

24    Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendants sets forth the following matters

25    constituting an avoidance or affirmative defense:

26    ### FIRST AFFIRMATIVE DEFENSE

27    48    Defendants allege that the Complaint, and each cause of action contained therein, fails

28    to state facts sufficient to constitute a cause of action.

1

## SECOND AFFIRMATIVE DEFENSE

49.     Defendants allege that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

50.     Defendants allege that Plaintiff herself was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to her injuries and/or damages.

## FOURTH AFFIRMATIVE DEFENSE

51.     Defendants allege that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

52.     Defendants allege that Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

53.     Defendants allege that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Laches.

## SEVENTH AFFIRMATIVE DEFENSE

54.     Defendants allege that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Unclean Hands.

## EIGHTH AFFIRMATIVE DEFENSE

55.     Defendants allege that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Waiver and Plaintiff is also estopped from maintaining this action.

## NINTH AFFIRMATIVE DEFENSE

56.     Defendants allege that Defendants' conduct was privileged pursuant to **Civil Code Section 47** and/or common law privileges under state and federal law, and as a result, the Complaint, and each cause of action thereof, is barred.

/ / / /

- 4 -

**TENTH AFFIRMATIVE DEFENSE**

57.    Plaintiff's claim is subject to the defense of set-off and defendants are entitled to set-off any recovery by Plaintiff by the amount of any outstanding debts.

**ELEVENTH AFFIRMATIVE DEFENSE**

58.    Defendants allege that statutory and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

**TWELFTH AFFIRMATIVE DEFENSE**

59.    Defendants allege that all of their actions were taken in good faith without intent to injure plaintiff and with a reasonable belief that such actions were lawful.

**THIRTEENTH AFFIRMATIVE DEFENSE**

60.    Defendant is informed and believes and thereon alleges that it has no civil liability pursuant to **15 U.S.C. § 1692k(c) and Civil Code 1788.30(e)**, as any violation was unintentional and resulted despite the maintenance of procedures reasonably adopted to avoid any such violation.

**FOURTEENTH AFFIRMATIVE DEFENSE**

61.    Defendants allege that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon information provided by its clients pursuant to **Ducrest v. Alco Collections, Inc.** (M.D. La. 1999) 931 F.Supp. 459, 462, and **Hulse v. Ocwin** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

**FIFTEENTH AFFIRMATIVE DEFENSE**

61.    Defendants allege that that they acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law, as represented to Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

62.    These answering Defendants hereby allege the following affirmative defenses, including, but not limited to, those set forth in Federal Rule Of Civil Procedure 8(c), so as not to waive them at this time:  assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality, license, failure to join an indispensable party, and abatement.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

63.    Defendants presently have insufficient knowledge or information on which to form a

- 5 -

belief as to whether Defendants may have additional, as yet unstated, defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing from these answering Defendants by this Complaint;

2. That Defendants be awarded judgment in this action;

3. For costs of suit incurred herein; and

4. For reasonable attorney's fees pursuant to statute including, but not limited to, 15 U.S.C. § 1692k(a)(3), and Civil Code § 1788.30(e); and

5. For such other and further relief as the Court deems proper.

Dated: April 9, 2008

ELLIS, COLEMAN, POIRIER, LAVOIE, &
STEINHEIMER LLP

By _____
Andrew M. Steinheimer
Attorney for Defendants
THE PATRICK M. CORBETT LAW OFFICES,
PATRICK CORBETT AND SOUTHERN TIER
AGENCY

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**CERTIFICATE OF SERVICE**

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On April 9, 2008, I served the following document(s) on the parties in the within action:

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**:  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |

| | |
|---|---|
| Joshua B. Swigart<br>Hyde & Swigart<br>411 Camino Del Rio South<br>Suite 301<br>San Diego, CA 92108 | Attorneys for<br>Plaintiff Vian Charbonneau |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 9, 2008.

By: _____

Jennifer E. Mueller

- 7 -

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT